Ex parte DUNN.  Ex parte HILLER.  Ex parte YANYAR.

(District Court, D. Massachusetts.  January 9, 1918.)

Nos. 1599–1601.

1. ARMY AND NAVY ⬥⟿20—SELECTIVE DRAFT ACT—LATE REGISTRATION.
    Where petitioners who failed to register in accordance with Selective Service Act May 18, 1917, c. 15, § 5, 40 Stat. 80, were thereafter registered and notified to report for military service, the late registration was authorized; the regulations issued under the act expressly providing therefor.

2. ARMY AND NAVY ⬥⟿20, 38—SELECTIVE DRAFT ACT—FAILURE TO REGISTER—EFFECT.
    Under Selective Service Act May 18, 1917, § 5, declaring that any person who shall willfully fail or refuse to present himself for registration or to submit thereto as provided shall be guilty of a misdemeanor, and shall upon conviction be imprisoned for not more than one year, and shall thereupon be duly registered, one prosecuted for nonregistration is not during the pendency of the prosecution exempt from military service, but may be registered and forthwith called for service, and a failure to respond to such call will make him a deserter punishable under military law.

3. ARMY AND NAVY ⬥⟿44(1)—MILITARY OFFENSES—PRECEDENCE BETWEEN MILITARY AND CIVIL PROSECUTIONS.
    Where petitioners, who had been registered during the pendency of a prosecution against them for failure to register as required by Selective Service Act May 18, 1917, § 5, failed to respond to a call to report for service, and thus became deserters, the question whether they could first be tried under the military or the civil law of the United States is a matter to be settled between the respective departments of the government, and petitioners cannot defeat the sentence of a court-martial based on their desertion because of the pendency of a prosecution against them for the civil offense.

4. HABEAS CORPUS ⬥⟿16—PRECEDENCE BETWEEN CIVIL AND MILITARY PROSECUTION—SENTENCE OF COURT-MARTIAL.
    In such case, after sentence of court-martial, petitioners' application to the civil court for habeas corpus must be denied.

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. In the matter of the applications of John T. Dunn, Theodore Hiller, and Adolph T. Yanyar for writs of habeas corpus. Petitions dismissed.

Thomas Curran, of Providence, R. I., for petitioner.

Frederic G. Bauer, Maj. Gen. Adv., of Boston, Mass., for respondent.

MORTON, District Judge. These cases were heard upon the pleadings and statement of agreed facts, without other evidence. The petitions are not exactly regular, either under the statute (Rev. St. § 754 [Comp. St. 1916, § 1282]), which requires personal signature and oath by the petitioner, or under the common law, according to which the relator should sign and swear to them; but no objection has been made on these grounds. Upon essential points the cases are substantially alike. All the petitioners failed to register, and criminal proceedings therefor were instituted against each of them in the United States court in Rhode Island. While those cases were pending for trial, the petitioners, having been notified to report for military service and having failed to do so, were, with the assent of the United States attorney for Rhode Island, severally arrested for desertion by the military authorities. They were tried by court-martial, and were found guilty of desertion. Each was sentenced by the court-martial to 20 years' imprisonment in the Atlanta Penitentiary and is now held under said sentence.

[1] The petitioners' first contention, viz. that there was no authority to register persons under the Selective Service Act after June 5th (the date specified in the President's proclamation), is too obviously unfounded to require discussion. The regulations authorized by the act explicitly provide for late registration.

[2] The other contention requires more consideration. The act provides:

"And any person who shall willfully fail or refuse to present himself for registration or to submit thereto as herein provided, shall be guilty of a misdemeanor and shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished by imprisonment for not more than one year, and shall thereupon be duly registered."

The petitioners, relying upon the last clause above quoted, insist that they could not be registered under the act (and therefore could not be called for military service) until after the completion of their punishment for failure to present themselves for registration. No decisions on the point have come to my attention. The question, in the law courts at least, seems to be entirely novel.

The result of the petitioners' contention, viz. that the prosecution for nonregistration rendered the defendants, during its pendency, exempt from military service, is so plainly inconsistent with the general scope and intent of the act that it ought not to be reached unless required by the language used. It does not seem to me that it is required, or that section 5 has the meaning contended for. The first part of this section provides that the persons therein specified shall submit to registration in accordance with regulations to be made by the

President. Then follow provisions that willful failure or refusal to register shall be a crime, and that upon conviction and punishment therefor the defendant "shall thereupon be duly registered." This last provision was apparently inserted in order to dispel any doubt whether a man so prosecuted was still subject to registration and military service, and also to make sure that such defendants would not escape registration, by making it mandatory in such cases. In other words, it was intended to co-ordinate the action of the draft boards and of the courts.

[3, 4] Each of the prisoners was legally called for service. By disregarding the call each became a deserter and subject to military law and discipline. He was an offender both under the criminal and under the military law of the United States. Which department of the government should first proceed against him was a matter to be settled between them. The petitioners had no right to have the criminal case go forward first, if the prosecuting authorities saw fit to allow the military accusations to take precedence.

The situation is one which may arise wherever two jurisdictions run through the same territory and over the same persons and property. It is very similar to that which arose in United States v Russo (Dist. Ct. Mass.). In that case the petitioner for habeas corpus, while out on bail under a prosecution in the state court, was arrested on a federal bench warrant upon an indictment found in this court. The state authorities made no request that he be returned to them. He contended that, on his own motion, he was entitled to be restored to the custody of his state bail, and that he could not be proceeded against in the federal court until the other court had completed its proceedings against him. After very careful consideration, I reached the conclusion that the question which of the two jurisdictions should first proceed against him was one to be settled between them, and that the prisoner had no right to be relaxed to state courts. The petition for habeas corpus was accordingly dismissed. No appeal was prosecuted. Judgment was given orally, and the case did not get into the reports.

The petitions for habeas corpus are severally dismissed.